## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **O'REILLY AUTOMOTIVE, INC.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | 1:20-cv-00395 |
| ) | CASE NO. _____ |
| **UNIVERSITY OF SOUTH** ) | |
| **ALABAMA, by and through its** ) | |
| **division USA HEALTH,** ) | |
| ) | |
| **Defendant.** | |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff O'REILLY AUTOMOTIVE, INC., a foreign corporation authorized to do business in the State of Alabama ("O'Reilly"), hereby files this complaint for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 against the Defendant UNIVERSITY OF SOUTH ALABAMA, by and through its division USA HEALTH, an Alabama corporation ("USA Hospital"), as follows:

### Nature of Action

1.  This is an action for declaratory judgment pursuant to the ERISA Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, which seeks this Court's interpretation of the preemptive effect of the terms of an employee health benefit plan governed by ERISA over a state statutory hospital lien.

43945953 v1

## Jurisdiction and Venue

2.  The Court's exercise of jurisdiction over this matter arises through diversity jurisdiction and federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. This controversy is between corporate citizens of the state of Missouri (O'Reilly) and the state of Alabama (USA Hospital). O'Reilly is an automotive retail company incorporated and domiciled in Missouri with its principal place of business there, and is licensed and doing business in Alabama. USA Hospital is an entity of the state of Alabama and as such operates hospitals in Mobile County, Alabama.

3.  This case presents a significant federal question: whether the equitable subrogation lien interest of an ERISA health care plan administrator, who seeks to recover from the tortfeasor for medical expenses it paid to treat its employee, is trumped by a state hospital lien statute. Because the current action involves a question as to priority between O'Reilly and USA Hospital to the competing tortfeasor funds, the action "relates to" an ERISA plan and is thus preempted by ERISA pursuant to 29 U.S.C. § 1132.

4.  A parallel matter is currently pending in the Circuit Court of Mobile County, Alabama, No. 02-cv-2017-903314, involving the underlying dispute between O'Reilly and USA Hospital. This Court remanded that dispute to the Circuit Court of Mobile County, Alabama on July 20, 2020, No. 1:18-cv-500-TFM-C, following the Court's finding that it lacked subject matter jurisdiction where

O'Reilly, third-party defendant, had removed the interpleader action filed by USA Hospital based upon ERISA preemption.[1] This Court found that subject matter jurisdiction did not exist where O'Reilly asserted ERISA preemption as defensive, rather than complete preemption.[2]

5. O'Reilly now seeks to properly realign this dispute such that O'Reilly is allowed to assert federal question jurisdiction via complete ERISA preemption over this issue, which has significant federal importance.

6. O'Reilly acknowledges that the remand created a parallel pending state court matter, which presents a potential issue for this Court's exercise of jurisdiction pending operation of the "first-filed" rule. Significantly, however, the remand to state court only occurred on July 20, 2020,[3] so the parties have not yet had occasion to expend time and effort litigating in that state court action which further underscores this Court's judicial discretion to exercise jurisdiction here.

---

[1] On December 21, 2017, USA Hospital commenced a lawsuit by filing a complaint in the Circuit Court of Mobile County, Alabama against Jonathan James Lytle and USAA General Indemnity Company. On October 29, 2018, USAA filed its counterclaim, cross-claim, and third-party claims for interpleader which names O'Reilly as a third-party defendant. O'Reilly removed the action to this Court on November 29, 2018 based upon federal question jurisdiction rooted in ERISA. *See* No. 1:18-cv-500-TFM-C (Docs. 1 and 48).

[2] *See* No. 1:18-cv-500-TFM-C (Doc. 66 at p. 5) noting that O'Reilly's "status as a third party absolutely affects its ability (or lack thereof) to remove the case and remand is required."

[3] *Id.*

Additionally, as discussed below, none of the facts surrounding this case are disputed; this is a purely legal issue predominated by federal law.

7. Compelling circumstances require this Court's consideration of the issues presented herein, as the field of ERISA benefits law, including the subrogation rights of an ERISA plan administrator or employer, is an area of complete preemption under federal law and deserves review by a federal court.

8. The language of ERISA demonstrates Congress's intent to establish the regulation of employee welfare benefit plans as a federal concern to "ensure that plans and plan sponsors would be subject to a uniform body of benefits law" so as to "minimize the administrative and financial burden of complying with conflicting directives among States or between States and the Federal Government."[4] Otherwise, "the potential for conflict in substantive law" may "requir[e] the tailoring of plans and employer conduct to the peculiarities of the law of each jurisdiction."[5]

9. Congress vested the federal courts with exclusive jurisdiction to hear and decide cases involving these federal interests. This design – called the "crowning achievement of [the] legislation" – most clearly reflected Congress' efforts to eliminate the threat of conflicting or inconsistent local regulation and establish in its

---

[4] *See Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 366 (2002) (quoting *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656 (1995)).

[5] *Id.*

stead a comprehensive and pervasive federal regulatory scheme. It is for these reasons that compelling circumstances require this Court's deference to federal consideration of these significant issues.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because O'Reilly is a foreign corporation authorized to conduct business in Alabama with retail and other business offices located in Mobile County, Alabama. O'Reilly is actually and continuously transacting and conducting business in Mobile County, Alabama. USA Hospital is an Alabama entity, which operates hospitals in Mobile County, Alabama. USA Hospital's treatment of Jonathan James Lytle ("Mr. Lytle") in a Mobile County hospital is the basis of USA Hospital's assertion of priority over the funds at issue.

## Parties

11. O'Reilly is an automotive retail company incorporated in Missouri, licensed and doing business in Alabama. O'Reilly employed Mr. Lytle and provided him with health benefits from a self-funded ERISA plan, which O'Reilly administered.

12. USA Hospital is an entity of the state of Alabama and as such operates hospitals in Mobile County, Alabama. Mr. Lytle received treatment at USA Hospital in 2017 following sustaining injuries in an automobile accident.

## Factual Allegations[6]

1.  The questions presented in this litigation are purely legal, as none of the facts are disputed. *See* No. 1:18-cv-500-TFM-C (Doc. 66).

2.  The origin of this litigation arises from an automobile collision, which occurred in Mississippi on or about January 28, 2017, in which Mr. Lytle sustained serious injuries.

3.  O'Reilly employed Mr. Lytle in Mississippi and paid for Mr. Lytle's medical expenses under its Employee Welfare Benefit Plan titled "Health Benefit Plan for Employees of Affiliates of O'Reilly Automotive, Inc. Limited Plan" (hereinafter "the Plan").

4.  To date, O'Reilly has paid $127,750.47 in benefits under the Plan for Mr. Lytle's medical expenses.

5.  USA Hospital treated Mr. Lytle in connection with the January 2017 automobile collision. On February 16, 2017 USA Hospital perfected a hospital lien pursuant to Division 15, Article 5, Chapter 11 of Title 35 of the Code of Alabama. To date, USA Hospital has been paid $52,314.25 of the total $114,339.50 in charges accrued for its treatment of Mr. Lytle.

---

[6] O'Reilly also refers to this Court's factual and procedural background discussed at No. 1:18-cv-500-TFM-C at Doc. 66 pp. 1-3.

6. Memorial Hospital of Gulfport also treated Mr. Lytle for the injuries he sustained in the automobile accident.

7. Mr. Lytle had uninsured/underinsured motorist coverage through USAA General Indemnity Company ("USAA") in the amount of $75,000.00. USAA was subject to competing claims to the funds by O'Reilly, USA Hospital, Memorial Hospital, and Mr. Lytle.

8. On December 21, 2017, USA Hospital commenced a lawsuit by filing a complaint in the Circuit Court of Mobile County, Alabama against Mr. Lytle and USAA claiming entitlement to the USAA funds under its statutory hospital lien. On October 29, 2018, USAA filed its counterclaim, cross-claim, and third-party claims for interpleader which named USA Hospital and Mr. Lytle as defendants and O'Reilly as a third-party defendant.[7] O'Reilly removed the action to this Court on November 29, 2018 based upon federal question jurisdiction rooted in ERISA. *See* No. 1:18-cv-500-TFM-C (Docs. 1 and 48).

9. The parties ultimately agreed that $30,881.85 of the remaining funds should be paid to Mr. Lytle, and USAA deposited the remaining $43,118.15 into the registry of the Court. *See* No. 1:18-cv-500-TFM-C (Docs. 14, 19, 25, 27 and 28).

---

[7] The parties previously agreed that $1,000.00 of the available $75,000.00 in funds should be paid to Memorial Hospital of Gulfport, which released Memorial from the underlying suit.

10. Upon receipt of the interpled funds into the registry, the Court dismissed USAA and Mr. Lytle from the interpleader action, leaving only O'Reilly and USA Hospital to assert priority over the remaining funds. *See* No. 1:18-cv-500-TFM-C (Docs. 38 and 39).

11. In July 2019, O'Reilly and USA Hospital filed their competing motions for summary judgment regarding which has priority – the preemptive effect of O'Reilly's ERISA subrogation claim or USA Hospital's statutory lien. *See* No. 1:18-cv-500-TFM-C (Docs. 46-54).

12. On March 31, 2020, this Court granted summary judgment for O'Reilly after "a careful review of all the written pleadings, motions, responses, replies, and the relevant law." *See* No. 1:18-cv-500-TFM-C (Doc. 56). In other words, following detailed briefing and consideration on the merits, this Court found that O'Reilly's ERISA subrogation claim took priority over USA Hospital's hospital lien such that O'Reilly was entitled to the entirety of the remaining interpled funds.

13. Following this order on summary judgment, on April 23, 2020, this Court, *sua sponte*, issued an order requiring the parties to brief the issue of subject matter jurisdiction following the Court's consideration of whether the Court had jurisdiction over the removal based upon federal question jurisdiction and 29 U.S.C. § 1132. The parties briefed the raised jurisdictional issue, and the Court ultimately found that the Court lacked jurisdiction based upon the procedural alignment of

O'Reilly's asserting ERISA preemption for removal as a third-party defendant. *See* No. 1:18-cv-500-TFM-C (Doc. 66).

14. O'Reilly is now situated as the plaintiff in this declaratory action, and as such, complete preemption exists in this case under 29 U.S.C. § 1132.

15. O'Reilly now seeks a declaration from this Court that its ERISA equitable subrogation lien has priority over USA Hospital's state hospital lien – a finding consistent with this Court's grant of summary judgment in favor of O'Reilly in March 2020. *See* No. 1:18-cv-500-TFM-C (Doc. 56).

## COUNT I – Declaratory Judgment

16. O'Reilly restates paragraphs 1 - 15 as though fully stated herein.

17. ERISA affords this Court jurisdiction to construe the parties' respective subrogation rights under the terms of the Plan by which O'Reilly paid significant medical expenses on behalf of its employee, Mr. Lytle.

18. The Plan is governed by ERISA, and, in pertinent part, the Plan states as follows:

> If the Plan makes a payment which the Covered Person, or any other party on the Covered Person's behalf, is or may be entitled to recover against any liable third party, this Plan has a right of recovery through reimbursement or subrogation or both, to the extent of its payment.
>
> …
>
> Monies paid by the Plan **will be repaid in full, in first priority, notwithstanding any anti-subrogation, "made whole," "common fund" or similar statute, regulation, prior court decision or**

> **common law theory** unless a reduction or compromise settlement is agreed to in writing or required pursuant to a court order.

(emphasis added).

19. The field of ERISA benefits law, including the subrogation rights of an ERISA plan administrator or employer, is an area of complete preemption under federal law.

20. Under this "express preemption" provision, state laws are preempted even if they do not directly conflict with ERISA.

21. ERISA's uniformity of regulation was considered a central feature of Congress' regulatory design and generated widespread support during Congress' consideration of ERISA. It is abundantly clear that, in enacting ERISA, Congress sought to replace the conflicting system of state and local regulation of employee benefits with "a uniform source of law."

22. Because USA Hospital's claim under the Alabama Hospital Lien statute "relates to" an ERISA plan, its right of recovery is subject to and controlled by the Plan terms, with no special priority.

23. Section 514 of ERISA broadly preempts "any and all State laws" that "relate to any employee benefit plan." 29 U.S.C. § 1144(a). This singularly expansive preemption provision is qualified by an insurance savings clause which exempts from preemption "any law of any State which regulates insurance." 29 U.S.C. § 1144(b)(2)(A).

24. The Alabama Hospital Lien Statute is not a law "which regulates insurance." As such, the Alabama Hospital Lien Statute is preempted by operation of ERISA, and the issue of priority is governed by the Plan terms.

25. A general state law, like a state hospital lien statute, "relates to" an ERISA claim for preemption purposes, or is preempted as an insurance-specific regulation that has no application because of the deemer clause. Even if the lien statute at issue were found to "regulate insurance" (which it does not), the statute is still preempted by ERISA by virtue of the deemer clause.

26. ERISA's preemption provision makes clear that O'Reilly's interest has priority. Allowing the application of the Alabama Hospital Lien Statute to supersede O'Reilly's interest, contrary to the Plan, would subject plans and plan sponsors to precisely the burdens Congress sought to foreclose through ERISA.

WHEREFORE, O'Reilly seeks a declaratory judgment from this honorable Court determining that:

(1) O'Reilly's equitable subrogation lien under ERISA has priority over USA Hospital's statutory hospital lien under Alabama law;

(2) O'Reilly is entitled to the entirety of the interpled funds in the amount of $43,118.15;

(2) O'Reilly is entitled to seek its attorneys' fees and other costs incurred in obtaining success on the merits in this declaratory action regarding its priority to the funds under § 29 U.S.C. § 1132(g)(1); and

(3) Any other and further relief this honorable Court deems appropriate and just under the circumstances.

Respectfully submitted,

*/s/ Forrest S. Latta*
Forrest S. Latta            (LATTF0526)
Forrest.latta@burr.com
Emily C. Killion            (CROWE2443)
ekillion@burr.com
*Attorneys for O'Reilly Automotive, Inc.*

**OF COUNSEL:**
**BURR & FORMAN LLP**
11 N. Water Street, Suite 22200
Mobile, Alabama  36602
Tel:  251-344-5151
Fax:  251-344-9696