# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| O'REILLY AUTOMOTIVE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV. ACT. NO. 1:20-cv-395-TFM-C |
| | ) |
| UNIVERSITY OF SOUTH ALABAMA, | ) |
| By and through its division USA Health | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On February 23, 2021, the Magistrate Judge entered a report and recommendation which recommends Defendant's motion to dismiss (Doc. 6, filed August 18, 2020) be granted and Plaintiff's Motion to Amend (Doc. 14, filed October 9, 2020) be denied as moot. Alternatively, the Magistrate Judge recommends that the Court abstain pending resolution of the interpleader action pending in the Circuit Court of Mobile County, Alabama. *See* Doc. 16. On March 9, 2021, Plaintiff filed its objections. *See* Doc. 17. Defendant timely responded to the objections. *See* Doc. 21. O'Reilly then filed a reply brief (Doc. 22) which Defendant moves to strike (Doc. 23).[1]

The Court is well familiar with the backstory on this matter as the undersigned remanded the original case on July 20, 2020 to the Circuit Court of Mobile County, Alabama. *See Univ. of S. Ala. v. O'Reilly*, Civ. Act. No. 1:18-cv-500-TFM-C, Doc. 66. On August 7, 2020, without notice to the undersigned, O'Reilly Automotive filed this new action which was originally assigned to a

---

[1] The Court notes that the response to objections was a single paragraph which cited a single case and in essence simply said "USA is in agreement with the findings of the Magistrate Judge." *See* Doc. 21. Plaintiff then filed a reply which went on for four pages and appears to be simply a chance to have the "last word" on the subject. That said, the Court has considered the matter and denies the motion to strike (Doc. 23).

different district judge. *See* Doc. 1. On August 18, 2020, Defendant USA Health filed its motion to dismiss replying upon the prior case, challenging jurisdiction, and requesting dismissal of the second lawsuit here. *See* Doc. 6. Not until the hearing on October 6, 2020 was the undersigned made aware of the second lawsuit discussing the same subject matter as the first. In the meantime, on August 31, 2020, the Court issued its order to the Clerk of Court to transfer the funds at issue to the Mobile County Circuit Court. *See* Civ. Act. No. 1:18-cv-500, Doc. 67. At no time, did O'Reilly inform the Court that the funds were still disputed or that a new theory was being presented to the Court.

Finally at the hearing on October 6, 2020, the undersigned was made aware of the companion lawsuit on the same issue and the parties agreed that it would be appropriate that the same judge handle the lawsuit. Moreover, because the hearing on the motion to dismiss had already been held by the Magistrate Judge, there was no reason to hold a second hearing on the matter before the undersigned and the motion to dismiss was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). *See* Doc. 13. Subsequently, O'Reilly filed its Motion to Amend the Complaint which Defendant opposed. *See* Docs. 14, 15.

The Court has reviewed the objections filed and find they do not change the discussion in the well-reasoned report and recommendation. Despite its attempt to distinguish this case from the original lawsuit that this Court remanded, the Court finds that it no longer has jurisdiction over the funds at issue and refuses to provide an advisory ruling to the state court. While the Court certainly sympathizes with O'Reilly thinking that it had originally "won" in the prior lawsuit, unfortunately jurisdictional matters may always be raised and the original ruling had not yet been finalized or received a judgment. Once the Court determined it never had jurisdiction, it could not proceed further and was required to remand the case to the original state court. Moreover, because

O'Reilly did not provide notice that the funds in that case were still disputed as a result of this newly filed case, the funds were returned to the state court for disposition and are no longer subject to this Court's jurisdiction. Despite its numerous references to ERISA generally and an attempt to "reestablish" jurisdiction, the Court finds that the Magistrate Judge properly noted that the exact same legal issue remains pending before the Circuit Court of Mobile County. *See* Doc. 16 at 12. In short, the Court lacks subject matter jurisdiction over the funds at issue and there was no justiciable controversy due to O'Reilly's lack of standing to bring this declaratory judgment action.

While this may be a set of unusual facts that present the Court with a difficult issue of first impression, when reviewing cases involving attempts to collect third party funds through equitable restitution, they are all factually distinguishable as to the parties involved. The cited cases reveal actions between plan administrators and **plan participants or relatives of the participants**. Even in those 11th Circuit cases where O'Reilly attempts to expand the parties to non-plan participants (i.e., attorneys for a party and a doctor that received payment for care not provided), it is clear that the funds were identifiable and that the party sued was in possession of those funds. Using that distinction, the action against Defendant in this case is frivolous and should be dismissed.

Next, the Court does not find that O'Reilly, as administrator has a claim for "appropriate equitable relief" under ERISA. In this action, although the fund is identifiable, O'Reilly failed to show how USA has possession of the funds. *See Montanile v. Board of Trustees of Nat. Elevator Industry Health Benefit Plan*, 577 U.S. 136, 136 S. Ct. 651, 193 L. Ed. 2d 556 (2016). In *Montanile*, the Court identified that the nature of the lawsuit could change prior to its filing, and that certain changes could impact the nature of the underlying action, changing it from equitable in nature to legal. The changes in *Montanile* were that the previously identifiable funds were spent and the only recourse available was a claim against the participant's general assets. These actions

rendered the funds no longer identifiable and the Court remanded to the lower court for consideration of whether specific funds or property could be identified and traced into the possession of the plan participant. Likewise, this case does not involve an action to recover funds held by USA Health. Until its claim to the remaining insurance proceeds is given priority by the state court, Defendant does not have possession or control of the funds at issue.

> For restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession. Here, the basis for petitioners' claim is not that respondents hold particular funds that, in good conscience, belong to petitioners, but that petitioners are contractually entitled to some funds for benefits that they conferred. The kind of restitution that petitioners seek, therefore, is not equitable, but legal.

*Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 214, 122 S. Ct. 708, 714-715, 151 L. Ed. 635 (2002).

> [A] plaintiff could seek restitution *in equity*, ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession.
>
> …
>
> Here, the funds to which petitioners claim an entitlement under the Plan's reimbursement provision—the proceeds from the settlement of respondents' tort action—are not in respondents' possession. As the order of the state court approving the settlement makes clear, the disbursements from the settlement were paid by two checks, one made payable to the Special Needs Trust and the other to respondents' attorney (who, after deducting his own fees and costs, placed the remaining funds in a client trust account from which he tendered checks to respondents' other creditors, Great–West and Medi–Cal). The basis for petitioners' claim is not that respondents hold particular funds that, in good conscience, belong to petitioners, but that petitioners are contractually entitled to some funds for benefits that they conferred. The kind of restitution that petitioners seek, therefore, is not equitable—the imposition of a constructive trust or equitable lien on particular property—but legal—the imposition of personal liability for the benefits that they conferred upon respondents.

*Id*. at 214, 122 S. Ct. at 715. In fact, O'Reilly may succeed at the state court which would render

this entire debate moot.

Finally, the Court cannot condone the end-run around its original ruling by simply racing to file a new lawsuit in federal court to get around the remand issue. The Court already specifically determined that O'Reilly, *on identical facts*, failed to show a case of complete preemption. While O'Reilly focuses on the Court's ruling on third party removal, it fails to note that the Court found <u>two</u> separate and independent reasons for remand in its opinion – the second being defensive preemption does not establish federal jurisdiction. There is nothing about this case to indicate anything different from the first action brought before this Court.

Based on all the above, the Court finds that dismissal is appropriate. Though the Court need not address the alternative holding on abstention, the Court finds that it is also well reasoned. Had the Court found dismissal had not been required, it certainly would have found abstention appropriate as discussed by the Magistrate Judge. The facts of this case certainly implicate the Court's discretion to abstain from interfering with a parallel state proceeding, *especially* when the Court was the one to send it back there. O'Reilly's attempt at an end-run around the original remand and to have this Court interfere with the state court's decision-making on the identical issue cannot be permitted.

Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation (Doc. 16) is **ADOPTED** as the opinion of the Court and the objections (Doc. 17) are **OVERRULED**. Accordingly, the Motion to Dismiss (Doc. 6) is **GRANTED**, the Motion to Strike (Doc. 23) is **DENIED**, and the Motion to Amend (Doc. 14) is **DENIED as moot**.

Final judgment pursuant to Fed. R. Civ. P. 58 will issue separately.

**DONE** and **ORDERED** this 29th day of March, 2021.

>/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE